**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN TOFTE; CYNTHIA ALDERETTE; MICHAEL T. SMITH, Personal Representative of the estate of Justin Lee Tofte, | No. 24-7241 |
| | D.C. No. 3:22-cv-05700-TMC |
| Plaintiffs - Appellants, | |
| | MEMORANDUM* |
| v. | |
| CITY OF LONGVIEW, a political subdivision of the State of Washington; ROBERT HUHTA, Interim Chief of the Longview Police Department; JORDAN SANDERS; MATT HARTLEY; JOHN REEVES; JOHN AND JANE DOES, 1-10, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Tiffany M. Cartwright, District Judge, Presiding

Argued and Submitted November 18, 2025
Seattle, Washington

Before: McKEOWN, PAEZ, and DESAI, Circuit Judges.

Plaintiffs Brian Tofte, Cynthia Alderette, and Michael B. Smith, on behalf of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the estate of Justin Lee Tofte, sued defendants City of Longview, Robert Huhta, Matt Hartley, John Reeves, and John and Jane Does 1–10 for claims arising out of the fatal shooting of Justin Tofte ("Tofte") by City of Longview police. Plaintiffs asserted 42 U.S.C. § 1983 and state law negligence, assault, and battery claims. The district court granted defendants' motion for summary judgment on plaintiffs' state law negligence claim, which is the subject of this appeal. We reverse and remand.

We review the district court's grant of summary judgment de novo. *Hughes v. Rodriguez*, 31 F.4th 1211, 1218 (9th Cir. 2022). If, when viewing the evidence in the light most favorable to the nonmoving party, there are genuine issues of material fact, then summary judgment is not proper. Fed. R. Civ. P. 56(a); *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988).

Defendants moved for summary judgment on the ground that plaintiffs' claims are barred by the public duty doctrine because plaintiffs failed to identify a legally sufficient non-public duty owed to Tofte.[1] Under Washington law, the public duty doctrine bars negligence claims against a government entity based on a duty owed to the public at-large, but it does not bar claims based on a common law duty owed to a plaintiff individually. *See Norg v. City of Seattle*, 522 P.3d 580, 585

---

[1] Defendants also asserted that Tofte was "engaged in a felony" at the time of the shooting, proximately causing his death, and barring plaintiffs' state law claims under Wash. Rev. Code § 4.24.420. The district court did not address the felony bar statute, and defendants do not argue that they are entitled to summary judgment on this alternative ground.

24-7241

(Wash. 2023); *see also Beltran-Serrano v. City of Tacoma*, 442 P.3d 608, 615 (Wash. 2019).

Here, plaintiffs' complaint asserts a common law negligence claim. Specifically, plaintiffs allege that defendants failed or neglected to properly discharge their responsibilities and act as reasonably prudent people in their interactions with Tofte. And their response to defendants' summary judgment motion identifies facts and legal authority supporting plaintiffs' theory that defendants owed a common law duty to Tofte and breached the duty.[2] This is sufficient to survive summary judgment.

Because plaintiffs identify a legally sufficient non-public duty owed to Tofte, *see Beltran-Serrano*, 442 P.3d at 611, and they raise genuine issues of material fact as to whether defendants breached this duty, defendants are not entitled to summary judgment on plaintiffs' state law negligence claim. The parties shall bear their own costs on appeal.

**REVERSED AND REMANDED.**

---

[2]     Defendants argue on appeal that even if plaintiffs' negligence claim is based on an individually applicable common law duty, they are nevertheless entitled to summary judgment because defendants did not breach the duty as a matter of law. Defendants did not move for summary judgment on this ground and thus plaintiffs did not have an opportunity to address it. But, even if we were to consider this alternative theory, it would fail at the summary judgment stage because plaintiffs raise triable issues of fact as to the breach element of their negligence claim.